# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:18-cv-1203-

MARIA OCHOA,

Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

Defendant.

---

## NOTICE OF REMOVAL

---

Defendant Safeco Insurance Company of America ("Defendant"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the District Court, Jefferson County, State of Colorado, to the United States District Court for the District of Colorado.  In support of said removal, Defendant states as follows:

### INTRODUCTION

1. On or about March 6, 2018, Plaintiff initiated this action by filing her Complaint and Jury Demand ("Complaint") in the Jefferson County District Court, State of Colorado, Case No. 2018CV30382 (the "State Action").  *See* Complaint, attached as **Exhibit A**.

2. Plaintiff's Complaint asserts three claims for relief against Defendant, including a First Claim for Relief for Breach of Contract, a Second Claim for Relief for First

Pary (sic) Statutory Claim under C.R.S. § 10-3-1116, and a Third Claim for Relief for Bad Faith.

3. This action arises out of Plaintiff's demand for underinsured motorist coverage arising out of an accident that occurred on August 20, 2014 ("Accident").

## COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. On April 25, 2018, Plaintiff served Defendant with a Summons and copy of Plaintiff's Complaint via the Corporation Service Company. *See* **Return of Service**, attached hereto as **Exhibit B**.

6. This Notice of Removal is filed within thirty (30) days of the receipt by Defendant of the Summons and Complaint and is, therefore, timely pursuant to 24 U.S.C. §§ 1441 and 1446(b).

7. Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1. This includes a true and correct copy of the state court docket, which includes all state court pleadings, motions and other papers known to have been served on Defendant.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons (attached as **Exhibit C**) and Complaint is attached to this Notice of Removal**.**

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2018CV30382, Jefferson County District Court, State of Colorado. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit D**.

11. Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

12. Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

13. Venue is proper in the District of Colorado because this District embraces the location where the State Action is pending. *See* 28 U.S.C. § 1446(c).

## **DIVERSITY JURISDICTION**

14. Plaintiff's Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because: (a) the parties are citizens of different states, and (b) the amount in controversy exceeds $75,000.

**A.     THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

15. Plaintiff Maria Ochoa is a resident and citizen of the State of Colorado who resides at 4740 Thompson Ct., Denver, Colorado. *See* **Exhibit A** at p. 1, ¶ 2 and p. 6.

16. Defendant Safeco Insurance Company of America is a citizen of the State of New Hampshire and the State of Massachusetts. Defendant is incorporated under the laws of the State of New Hampshire and maintains its principal place of business in Boston, Massachusetts.

17.     Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"

18.     Accordingly, for purposes of federal diversity jurisdiction, the parties are completely diverse.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

19.     While not waiving Defendant's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs.  The fact that the jurisdictional amount in controversy exceeds $75,000, exclusive of interest and costs, is confirmed by the Civil Case Cover Sheet filed by Plaintiff in the State Action.

20.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

21.     In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.,* 116 F.2d 604, 606 (10th Cir. 1940).  "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also, McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose.)

22.      When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned

by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens,* 135 S.Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. "A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . an other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceeding, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

23. In this case, Plaintiff acknowledges that the jurisdictional amount in controversy exceeds $75,000, exclusive of interest and costs, by the filing of her Civil Case Cover Sheet, attached as **Exhibit E**. Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapters 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires a plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading. *See* Colo.R.Civ.P. at Form JDF 601.

24. Here, in the State Action, on March 6, 2018, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that she seeks "a monetary judgment for more than $100,000 against another party, including any attorneys' fees, penalties or punitive damages, but excluding interest and costs . . ." *See* **Exhibit E**, State Court Civil Case Cover Sheet.

25. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See Paros v. Liberty Mutual*, 835 F.3d 1264, 1272-1273 (10th Cir. 2016). As the Tenth Circuit Court of Appeals has concluded:

> . . . at least one federal district judge in Colorado has determined that the cover sheet is notice that starts the removal clock. *See Henderson v. Target Stores, Inc.*, 431 F.Supp. 2d 1143, 1144 (D. Colo. 2006) (civil cover sheet is an 'other paper' that put the defendant on notice that the amount in controversy exceeded $75,000). We think that view is sound. There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).

*Id.*

26. In addition to the Civil Case Cover Sheet, Plaintiff further alleges that she is entitled to monetary damages in excess of the jurisdictional limit and seek to recover "double damages and attorney's fees, and post-judgment interest along with court costs . . ." *See* **Exhibit A** at ¶ 51. *See, e.g., Cox v. Lincoln Nat'l Life Ins. Co.,* No. 10-cv-20544-CMA-MEH, 2011 WL 1398811 (D.Colo. April 13, 2011)(the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.,* No. 12-cv-02229-REB-KLM, 2013 WL 1414241 (D.Colo. April 8, 2013)(finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

27. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000.00, exclusive of interest and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

28. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Safeco Insurance Company of America requests that the action now pending in the Jefferson County District Court, Case No. 2018CV30382, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 16th day of May, 2018.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

s/ *Brian J. Spano*
Brian J. Spano, Esq.
1200 17th Street, Suite 3000
Denver, CO 80202
Phone: (303) 623-9000
E-mail: bspano@lrrc.com

*Attorneys for Defendant*
*Safeco Insurance Company of America*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 16th day of May 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Jennifer Torres, Esq.
DezaRae D. LaCrue, Esq.
Franklin D. Azar & Associates, P.C.
14426 East Evans Ave.
Aurora, CO 80014

*Attorneys for Plaintiff Maria Ochoa*

                                              *s/ Brian J. Spano*
                                              Brian J. Spano