| | |
|---|---|
| **JEFFERSON COUNTY DISTRICT COURT, COLORADO**<br><br>Court Address:    Jefferson County Combined Court<br>                              100 Jefferson County Parkway<br>                              Golden, CO 80401<br>                              Tel. 720-772-2500 | DATE FILED: March 6, 2018 5:29 PM<br>FILING ID: ED0470F61C6B1<br>CASE NUMBER: 2018CV30382 |
| Plaintiff:  Maria Ochoa,<br><br>v.<br><br>Defendant:  Safeco Insurance Company of America. | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Jennifer Torres, #48842<br>DezaRae D. LaCrue, #40290<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number:    (303) 757-3206<br>E-Mail: torresj@fdazar.com<br>lacrued@fdazar.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

   Plaintiff Maria Ochoa, by and through her attorneys, Franklin D. Azar and Associates, P.C., Jennifer Torres and DezaRae D. LaCrue, for her Complaint against the Defendant, states and alleges as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

1. This lawsuit arises from an auto collision that occurred in Wheat Ridge on November 4, 2014.

2. Plaintiff Maria Ochoa is an individual and resident of the State of Colorado.

3. Defendant Safeco Insurance Company of America ("Defendant") is a corporation doing business in the State of Colorado, with its registered agent listed as The Corporation Company located on 1900 W. Littleton Boulevard, Littleton, CO 80120.

4. Venue is proper in Jefferson County pursuant to C.R.C.P. 98(c)(1) and C.R.C.P. 98(c)(5).

5. This Court has jurisdiction over this matter pursuant to C.R.S. §13-1-124.



## II. GENERAL ALLEGATIONS

6. The automobile collision that is the subject of this complaint occurred on August 20, 2014, at approximately 3:54 PM.

7. Ms. Ochoa was driving a 1999 Ford Escort.

8. Ms. Nancy Cameron, an under-insured motorist, attempted to switch lanes from behind Ms. Ochoa and impacted the rear of her vehicle.

9. Ms. Ochoa was not negligent at the time of the collision.

10. No third party caused, or contributed to the cause, of the collision and Ms. Ochoa's injuries, damages, and losses.

11. On April 19, 2016, Ms. Ochoa requested and received permission to settle the claim against the under-insured motorist.

12. On April 27, 2016, Ms. Ochoa settled her claims against the under-insured motorist.

13. Ms. Ochoa continued her claim with the Defendant for underinsured motorist coverage.

14. Defendant was notified that Ms. Ochoa was continuing her claim associated with her collision.

15. On April 1, 2016 Ms. Ochoa sent an updated package of all of her medical bills and records.

16. On May 12, 2016, Defendant responded by requesting additional information regarding Ms. Ochoa's prior medical history and copies of the declarations page and offer letter from the under-insured motorist.

17. On May 31, 2016, Ms. Ochoa responded to Defendant's request for additional information and provided the declarations page and offer letter.

18. On June 14, 2016, the Defendant responded that they are still requesting the documentation and prior medical history to evaluate Ms. Ochoa's claim.

19. On June 23, 2016, Ms. Ochoa responded by resubmitting the requested documentation and resending the prior medical authorization Ms. Ochoa previously signed.

20. On June 28, 2016, the Defendant advised that they had requested Ms. Ochoa's prior medical records for their review and that they would be in touch upon receipt of those records.

21. On August 8, 2016, Ms. Ochoa requested a status update as Defendant had not responded since June 28, 2016.

22. On August 12, 2016, the Defendant advised that the claim was still under review.

23. On September 2, 2016, the Defendant claimed that Ms. Ochoa had been fully compensated by the under-insured motorist and that were declining to make any

offers on Ms. Ochoa's underinsured motorist claim.

24. On September 15, 2016, Ms. Ochoa requested the Defendant to clarify the details of their evaluation.

25. On September 30, 2016, Ms. Ochoa reiterated her request for a breakdown of the Defendant's position that Ms. Ochoa was made whole by the settlement with the underinsured motorist.

26. On October 14, 2016, the Defendant requested contact to discuss Ms. Ochoa's claim.

27. On October 24, 2016, Ms. Ochoa confirmed their verbal position that the Defendant accepted $43,535.29 in medical expenses, $252.00 in wage loss, and general damages of about $35,000.00 to $40,000.00.

28. The Defendant further stated that they did not consider impairment or permanency because there was no documentation of the need for a surgery.

29. On November 7, 2016, the Defendant confirmed their evaluation but stated that there was a lack of documentation regarding impairment or permanency, such as a surgical recommendation

30. On January 8, 2017, Ms. Ochoa requested additional information about what documents were necessary for impairment or permanency. Ms. Ochoa further requested the Defendant advance money for diagnostic testing related to her injuries form this collision.

31. On January 30, 2017, the Defendant reiterated their position that Ms. Ochoa was adequately compensated by the underinsured motorist and did not update their evaluation nor advance any money for diagnostic testing.

32. On March 13, 2017, Ms. Ochoa requested an updated evaluation for the recommended diagnostic testing and additional information regarding their evaluation.

33. On March 29, 2017, March 29, 2017, the Defendant again stated that they were not changing their position in light of the additional records from Ms. Ochoa's doctor.

34. On August 10, 2017, Ms. Ochoa sent an updated package of all her medical bills and records to date.

35. On August 22, 2017, the Defendant acknowledged that we had previously settled with the underinsured motorist but continued to decline extending an offer.

36. On August 25, 2017, Ms. Ochoa sent a letter to the Defendant indicating that Ms. Ochoa had previously settled with the underinsured motorist and was simply updating the records and bills to date for her claim.

37. On November 13, 2017, the Defendant indicated that there was no any exposure for underinsured motorist at this time.

38. The Defendant's offer failed to consider all of Ms. Ochoa's medical expenses, damages, and losses.

39. The Defendant had a duty to promptly investigate the underinsured motorist claims presented by Ms. Ochoa.

40. The Defendant has delayed and/or denied payment of the benefits owed to Ms. Ochoa under the underinsured motorist policy.

41. The Defendant has not provided a reasonable basis for the delay and/or denial of Ms. Ochoa's benefits under the underinsured motorist policy.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

42. Plaintiff incorporates all prior allegations as though fully set forth herein.

43. Sometime prior to the collision, Ms. Ochoa entered into a contract with Defendant for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving under-insured motorists.

44. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant.

45. Ms. Ochoa advised Defendant of a claim for under-insured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant in connection with the claim.

46. Ms. Ochoa is an intended beneficiary of Defendant's policy/contract and is therefore entitled to enforce its terms.

47. Ms. Ochoa is entitled to be compensated by Defendant for all damages she has incurred, including pain, suffering, and loss of enjoyment of life, permanency and/or impairment, and disability, under the under-insured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
## (FIRST PARY STATUTORY CLAIM
## UNDER C.R.S. § 10-3-1116)

48. Plaintiff incorporate all prior allegations as though fully set forth herein.

49. Defendant has denied and delayed payment of under-insured motorist benefits to Ms. Ochoa without a reasonable basis for its action.

50. Defendant's unreasonable position and conduct has caused Ms. Ochoa's damage by the loss of the compensation that is due to her and which Defendant should have previously paid to her.

51. In accordance with C.R.S. §10-3-1116, Ms. Ochoa is entitled to recover from Defendant two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
## (BAD FAITH)

52. Plaintiff incorporate all prior allegations as though fully set forth herein.

53. Defendant owed Ms. Ochoa a duty to act in good faith in reviewing, adjusting and settling her claims.

54. The Defendant breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

   (a) Compelling this Plaintiff to institute litigation to recover amounts due to them under the under-insured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;
   (b) Favoring the interests of the Defendant, an insurer, over those of the Plaintiff, an insured, to whom the Defendant owes fiduciary and statutory duties;
   (c) Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an under-insured motorist;
   (d) Failing to provide copies of the policy of insurance in a timely manner when requested; and,
   (e) Incompetently evaluating Plaintiff's claim.

55. The Defendant's actions are unreasonable.

56. The Defendant knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

57. As a direct result of Defendant's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

   a. Being forced to incur additional costs in litigation;
   b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and
   c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment which should have been paid by now.

WHEREFORE, Plaintiff pray for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted March 6, 2018.

FRANKLIN D. AZAR & ASSOCIATES, P.C.
By: */s/ Jennifer Torres*
Jennifer Torres, #48842

                                                 DezaRae D. LaCrue, #40290
                                                 ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address:**
**4740 Thompson Ct.**
**Denver, CO 80216**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*